UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| AMERICAN CONSUMER CREDIT COUNSELING, INC., | * * * | |
| Plaintiff, | * * | |
| v. | * * | Civil Action No. 16-cv-12170-IT |
| AMERICAN CONSUMER CREDIT, LLC, | * * | |
| Defendant. | * | |

<u>ORDER</u>

July 26, 2017

TALWANI, D.J.

    Pending before this court is Plaintiff American Consumer Credit Counseling, Inc.'s <u>Motion to Compel Discovery Responses</u> ("Mot. Compel") [#68]. Plaintiff requests that this court compel Defendant American Consumer Credit, LLC to answer discovery requests served on May 4, 2017, pursuant to Fed. R. Civ. P. 37. The record reflects that on May 11, 2017, Defendant's counsel requested "a reasonable extension of time to respond" to Plaintiff's discovery requests if the parties were unable to resolve the case, and that Plaintiff's counsel agreed. Mot. Compel. Ex. E [#68-5]. The questions before the court are: (1) when did settlement negotiations break down; and (2) what was a reasonable extension of time to respond thereafter.

    Plaintiff states, and Defendant does not dispute, that a settlement agreement was finalized on or about June 21, 2017, but that "[d]espite regular inquiries" by Plaintiff's counsel, Defendant neither signed the agreement nor gave any reason for its failure to sign. Mot. Reinstate Mediation & Hold Status Conf. 1 [#69]; Mot. Compel 2 [#68]. Plaintiff states further, and again, Defendant does not dispute, that on July 7, 2017, Plaintiff notified Defendant that if the agreement was not

executed within three days, Plaintiff would be forced to notify the court. Mot. Reinstate Mediation & Hold Status Conf. 1 [#69]. Plaintiff also states, and Defendant does not dispute, that Plaintiff conferred in an effort to resolve the issues presented in the motion to compel on July 7, 2017. Mot. Compel 3 [#68]. Unable to reach resolution, Plaintiff filed the instant motion on July 10, 2017. Id.

Six days after the pending motion was filed, Defendant's counsel sent an email stating that Defendant had decided to change its name (a matter at issue in the parties' negotiations). Def.'s Opp'n Pl.'s Mot. Compel Disc. Responses (Def.'s Opp'n") Ex. A [#72]. Thus, Defendant contends that settlement negotiations therefore did not end until Plaintiff rejected that proposal the following day. Def.'s Opp'n ¶¶ 4-5 [#72]. The court finds Defendant's arguments disingenuous. Regardless of any purported efforts to restart settlement discussions on Sunday, July 16, 2017, Defendant's counsel was on notice that the "reasonable extension of time to respond" time to respond had started running at the latest on July 7, 2017, when Plaintiff conferred regarding the motion to compel. Indeed, where it is undisputed that Defendant did not give any reason for its refusal to sign the June 21, 2017, draft agreement, it appears that, unbeknownst to Plaintiff, Defendant may have ended good faith settlement negotiations well before July 7, 2017.

Defendant argues that as no specific time was given for the length of the extension, a "little more than two weeks after the breakdown in settlement negotiations" would be reasonable. The court agrees that two weeks or so may well have been reasonable, but that period— calculated as beginning, at the latest, on July 7, 2017—has now ended.

3

Accordingly, Plaintiff's Motion to Compel [#68] is ALLOWED. Defendant is hereby ordered to ANSWER Plaintiff's discovery requests by August 4, 2017.

IT IS SO ORDERED.

Date: July 26, 2017                                    /s/ Indira Talwani
                                                       United States District Judge